IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REFUGIO VILLALOBOS,

      Plaintiff,

v.                                                                         No. CV-15-00463-CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Refugio Villalobos' *Plaintiff's Motion for E.A.J.A. Award of Attorney's Fees and Costs* ("Motion"), (Doc. 28), filed May 27, 2016; Defendant's *Response to Plaintiff's Motion for Attorney Fees* ("Response"), (Doc. 29), filed June 10, 2016; and *Plaintiff's Reply to Response Motion for E.A.J.A. Award of Attorney's Fees and Costs* ("Reply"), (Doc. 30), filed June 16, 2016. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

On January 5, 2012, Mr. Villalobos filed an application for disability insurance benefits with the Social Security Administration, alleging disability commencing on April 26, 2010. His claim for benefits was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held on July 31, 2014 before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Mr. Villalobos then filed an application for review by the Appeals Council, which was summarily denied

Thereafter, Mr. Villalobos appealed to this Court, arguing that the ALJ committed reversible, legal error because: (1) Mr. Villalobos did not and could not have knowingly waived his right to counsel; (2) the interpreter was not sworn in until after evidence was taken; (3) the finding of non-severity at step two was erroneous; (4) the prospect of corrected vision should have been analyzed at step four, not step two of the sequential evaluation process; and (5) there was an improper credibility analysis. Additionally, Mr. Villalobos argued that the Appeals Council erroneously rejected new evidence of a mental impairment. Because the Appeals Council improperly dismissed Mr. Villalobos' new evidence of a mental impairment, the Court remanded the case to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Memorandum Opinion and Order* ("Order"). (Doc. 26).

Mr. Villalobos now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 28). The Commissioner responds that Mr. Villalobos' request for fees under EAJA should be denied, because the request is "excessive and unreasonable." (Doc. 29 at 1). The Commissioner contends: (1) Mr. Villalobos' attorney requested compensation for clerical tasks; (2) Mr. Villalobos' attorney requested an excessive amount of time for certain tasks; and (3) asks that the Court evaluate the request in light of the results of the case and level of success. (Doc. 29 at 2).

In his Reply, Mr. Villalobos asserts that the amount of fees requested was reasonable and necessary. (Doc. 30 at 1). As for the amount of the fee, Mr. Villalobos argues that the amount requested, $9,112.90, is in line with fee awards previously before the Court. (Doc. 30 at 2). Finally, Mr. Villalobos contends that courts do not pro

2

rate time based on meritorious arguments. (Doc. 30 at 3).

**I.   Analysis**

   *A.  Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes the reasonability of the fees requested by Mr. Villalobos' counsel.

Attorney's fees requested under EAJA must be "reasonable." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982). The Plaintiff has the burden of establishing entitlement to an award of attorney's fees by documenting the appropriate hours expended, and showing that the hours are reasonable. *Id.*

   *B.  Clerical Tasks*

The Commissioner argues that Mr. Villalobos' attorney is requesting compensation for clerical tasks. (Doc. 29 at 1). Specifically, the Commissioner maintains that Mr. Villalobos' attorney cannot be compensated for preparing an *in forma pauperis* ("IFP") application, preparing a civil action cover sheet, reviewing returns of service, and submitting a notice that briefing is complete. (Doc. 29 at 1). Mr. Villalobos argues that counsel properly accounted for her time in this case. (Doc. 30 at 3).

Although EAJA provides for an award of "fees and expenses . . . incurred by [a] party in any civil action . . . brought by or against the United States[,]" clerical work and overhead expenses are not compensable. 28 U.S.C. § 2412(d)(1)(A); *Montoya v. Colvin*, No. 14-cv-0836 LH/SMV, at *3 (D.N.M. Dec. 16, 2015) (unpublished) (citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 573, 577 n. 3 (2008); *Dalles Irrigation Dist. V. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and therefore is not compensable under EAJA.); *Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding petition for EAJA fees to determine *inter alia* which billings are "clerical rather than legal"); *Champlin v. Colvin*, No. 12-cv-000425-RBJ, 2013 WL 3303636, at *3 (D. Colo. July 1, 2013) (unpublished) ("[I]n a petition for [EAJA] fees, an attorney cannot recover for paralegal time that is purely clerical work."); *White v. Barnhart*, No. 05-2856, 2006 U.S. Dist. LEXIS 59387, at *18 (E.D. Pa. Aug. 18, 2006) (unpublished) (holding that docketing, directing service, and preparing client letters are clerical and, therefore, disallowed under EAJA); *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1168-69 (D. Or. 2001) (reducing a request for EAJA fees for work that was "purely clerical in nature"); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.")).

Although Mr. Villalobos' attorney has been told on numerous occasions by judges in this District that she cannot request attorney's fees for clerical work, she asks for attorney's fees for clerical work in this case. *See* Order to Show Cause at 4, *Montoya v. Colvin*, No. 14-cv0836 LH/SMV, at *4 (D.N.M. Dec. 16, 2015) (unpublished)

(citing Order Granting Plaintiff's Motion for EAJA Fees, *Barela v. Astrue*, No. 09-cv-0259 LAM, at *4-5 (D.N.M. May 26, 2010) (unpublished) (billing for electronic filing, downloading, and printing is clerical work and/or overhead expenses); Order Regarding Plaintiff's Motion for Attorney Fees Pursuant to EAJA, *Rodriguez v. Astrue*, No. 12-cv-0272 ACT, at *4 (D.N.M. Jan. 14, 2014) (unpublished) (filing, reviewing docket, submitting notice of briefing complete, and "noticing" entries is clerical work); Proposed Finding and Recommended Disposition, *Perea v. Colvin*, 11-cv-0930 JB/GBW, at *4-5 (D.N.M. Feb. 27, 2014) (unpublished) ( "noting" matters on the docket is clerical work); Order Granting in Part and Denying in Part Motion for Attorney's Fees, *Kuykendall v. Colvin*, 13-cv-0877 MV/WPL, at *2-3 (D.N.M. Apr. 7, 2015) (unpublished) (downloading, organizing, reviewing, and "noting" is clerical work) (citing Magistrate Judge's Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Plaintiff's Motion for EAJA Fees, *Romero v. Colvin*, No. 11-cv-994 JB/SMV, at *4-5 (D.N.M. Mar. 20, 2014) (unpublished) (downloading, organizing, and filing is clerical work)); Proposed Findings and Recommended Disposition Granting in Part Plaintiff's Motion for EAJA Fees, *Preston v. Colvin*, 14-cv-0278 KG/LAM (D.N.M. Aug. 14, 2015) (unpublished) (preparing, filing, "noting," downloading, and preparing is clerical work); Order Granting in Part Plaintiff's Motion for Attorney's Fees, *Pacheco v. Colvin*, 13cv-0848 GBW, at *4-5 (D.N.M. Dec. 10, 2014) (unpublished) (deducting from EAJA fees for clerical tasks); *but cf* Order Regarding Plaintiff's Motion for Attorney's Fees Pursuant to EAJA, *Owens v. Colvin*, 12-cv-0367 LH/ACT, at *6 (finding that counsel's application was "free of purely clerical work and overhead expenses not compensable under EAJA."))

    Here, the Commissioner argues that several charges in Mr. Villalobos' attorney's

*Declaration of Time for EAJA Application* are not appropriate because she is charging for clerical tasks:

(1) 6/1/15   Confer with Client, Prepare IFP Ap[plication]                        1.0 [hour]

(2) 6/2/15   Finalize complaint, prepare civil cover, IFP, (EFC filing n/c)[1] 1.0 [hour]

(3) 6/4/15   Note IFP Order Denying IFP Ap[plication] (0.1 n/c), RS[2] IFP
                                                                                                        0.5 [hour]
(4) 2/4/16   Review docket, rev[iew] file, prepare and submit notice of briefing
                   complete                                                                      0.5 [hour]

The burden to establish entitlement to attorney's fees is on Mr. Villalobos, and in his Reply, he does not dispute that the above hours were spent on clerical work. Therefore, the Court finds that the charges the Commissioner disputes, including preparing the IFP application, preparing a cover letter, reviewing the docket, and filing, are all clerical tasks. Mr. Villalobos' attorney accounted for her hours by noting several different tasks for each amount of time billed. The Court will not try to interpret how many hours were spent on clerical tasks versus the other tasks noted for each entry. Instead, the Court will reduce the EAJA award for impermissibly billing clerical tasks by three hours. Mr. Villalobos' attorney billed at an hourly rate of $189.00, so the Court will decrease the award for clerical tasks by $567.00. (*See* Doc. 28-2 at 3).

C. <u>Reasonable Fees</u>

The Commissioner argues that Mr. Villalobos' attorney requested an excessive amount of time for certain tasks. (Doc. 29 at 2). Specifically, the Commissioner states that it should not take one hour to draft the complaint and half an hour to review the Commissioner's answer. (Doc. 29 at 2). Additionally, the

---

[1] n/c indicates no charge. (Doc. 28 at 2).
[2] The Commissioner notes that "RS" refers to reviewing returns of service, which Mr. Villalobos does not dispute. (Doc. 29 at 1).

6

Commissioner asks the Court to "evaluate Plaintiff's request in light of the 'results obtained' and the 'level of [her] success.'" (Doc. 29 at 2 (quoting *Hensley*, 461 U.S. at 436-37)). The Commissioner maintains that Mr. Villalobos' attorney spent the majority of time briefing arguments that the Court specifically rejected. (Doc. 29 at 2-3).

Mr. Villalobos argues that he obtained the relief requested from the Court and the amount requested was reasonable. (Doc. 30 at 1-2). Mr. Villalobos states that with social security cases, the Plaintiff "does not know which of several non[-]frivolous grounds the court might find meritorious." (Doc. 30 at 3). Finally, Mr. Villalobos' attorney requests an award of an additional two hours for replying to the Commissioner's Response to the Motion for attorney's fees. (Doc. 30 at 4).

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable results." *Montoya*, No. 14-cv-0836 LH/SMV, at *7 (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004)). Because attorneys do not bill clients for every hour spent on litigation, the Tenth Circuit requires attorneys to exercise judgment as to the number of hours that they actually bill. *Id.* (citing *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998)). "To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary." *Id.* The Court then has an obligation to exclude hours that are not reasonably expended. *Id.*

Here, Mr. Villalobos requests $8,712.90 for 46.1 hours spent on this litigation and costs in the amount of $400. (Doc. 28-2 at 3). The Commissioner argues that the award

should be reduced to $5,670, which would represent 30 hours of work, due to "unreasonable and excessive entries." (Doc. 29 at 3). Courts have held that 20 to 40 hours is the average amount of time spent on a social security case brief. *See Muller v. Colvin*, No. 14-cv-0953 SMV, at *2 (D.N.M. Jan. 27, 2016) (unpublished) (citing *Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (unpublished)) ; *Wellman v. Colvin*, CIV 13-1122 KBM, at *2 (D.N.M. June 15, 2015) (unpublished). Indeed, judges in this district have found it reasonable for counsel to expend 42.15 hours in similar cases. *Id.* (holding that 42.15 hours of work in a case where the administrative record was under 500 pages and the legal arguments were not novel or complex is reasonable).

Subtracting the three hours that the Court found were spent on clerical work, Mr. Villalobos' attorney spent at total of 43.1 hours working on this case. Although slightly higher than average, the amount of time Mr. Villalobos' attorney spent on this case is not unreasonable. Additionally, the Court does not find spending one hour drafting a complaint or half an hour reading an answer unreasonable, even if they are form documents. The Court will not; however, grant Mr. Villalobos' attorney an additional two hours for this EAJA litigation because she already accounted for two hours of EAJA work in the original request for 46.1 hours. Therefore, the Court finds 43.1 hours to be a reasonable amount of time spent working on this case.

### D. *Degree of Success*

The Commissioner asks the Court to decrease the amount of the award based on Mr. Villalobos' degree of success. (Doc. 29 at 2). The Commissioner argues that Mr. Villalobos spent eight hours briefing an argument that the Court specifically rejected.

8

(Doc. 29 at 2-3). Mr. Villalobos maintains that he obtained the relief that he requested and argues that the Court should not reduce the attorney's fees merely because the Court rejected one of Mr. Villalobos' arguments. (Doc. 30 at 1-2).

"[W]hen a plaintiff's claims involve 'a common core of facts or [are] based on related legal theories,' 'the most critical factor' a court must consider in determining whether to adjust an award of reasonable attorneys' fees is 'the degree of success obtained' in the litigation." *Dalles Irrigation Dist.*, 91 Fed. Cl. at 703 (quoting *Hensley*, 461 U.S. at 435-36). Mr. Villalobos did not need to succeed on every issue raised in the case to recover full attorney's fees. *Id*. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id*. (quoting *Hensley*, 461 U.S. at 435). "However, '[i]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. (quoting *Hensley*, 461 U.S. at 436). The Court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. (quoting *Hensley*, 461 U.S. at 435).

The Court remanded the case because the Appeals Council failed to analyze new evidence of a mental impairment. (Doc. 26 at 2). Therefore, Mr. Villalobos was successful in arguing his case, even though the Court did not analyze every issue he presented. The Commissioner asks the Court to reduce the number of total hours expended because Mr. Villalobos' attorney spent time researching and arguing an "unsupported line of argument." (Doc. 29 at 3). Although the Court was concerned and

disagreed with Mr. Villalobos' waiver argument, the Court ultimately agreed with Mr. Villalobos that the case should be remanded for the Commissioner to reanalyze the entire case. Therefore, the Court will not reduce the attorney's fees based on the waiver argument. As a result, the Court finds 43.1 hours to be reasonable, and will award a fee in the amount of $8,145.90 (43.1 hours multiplied by $189.00 per hour).

## II.     Conclusion

For the reasons discussed above, the Court **FINDS** that Mr. Villalobos' *Plaintiff's Motion for E.A.J.A. Award of Attorney's Fees and Costs*, (Doc. 28), should be **GRANTED IN PART** and **DENIED IN PART**.

Mr. Villalobos' request will be reduced by $567.00 due to the improper inclusion of clerical time in the fee request. **IT IS THEREFORE ORDERED** that attorney fees and costs be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $8,145.90 in fees and $400.00 in costs. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE